J-S49018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON OCASIO-CAMPBELL, | |
| Appellant | No. 3674 EDA 2015 |

Appeal from the PCRA Order of November 12, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003786-2007
CP-15-CR-0003788-2007
CP-15-CR-0003803-2007

BEFORE:  PANELLA and OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 19, 2016**

Appellant, Jason Ocasio-Campbell, appeals *pro se* from the order entered on November 12, 2015, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 11, 2008, Appellant pleaded guilty to two counts of robbery, two counts of conspiracy to commit robbery, possession of an instrument of crime, and theft by unlawful taking or disposition.[1]  On September 23, 2008, the trial court sentenced Appellant to serve an aggregate term of 14 to 28

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 907, and 3921(a), respectively.

_____

*Former Justice specially assigned to the Superior Court.

years in prison, followed by five years of probation. Appellant's aggregate prison sentence included two consecutive mandatory minimum terms of five to ten years in prison, pursuant to 42 Pa.C.S.A. § 9712, for visibly possessing a firearm during the robbery.

Following the *nunc pro tunc* restoration of Appellant's direct appeal rights, we affirmed Appellant's judgment of sentence on December 1, 2010, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 7, 2011. **Commonwealth v. Ocasio-Campbell**, 23 A.3d 563 (Pa. Super. 2010) (unpublished memorandum) at 1-10, *appeal denied*, 23 A.3d 541 (Pa. 2011). Appellant did not file a petition for writ of *certiorari* to the United States Supreme Court.

On October 27, 2014, Appellant filed a *pro se* PCRA petition, which constituted Appellant's first PCRA petition. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) ("when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes"). The PCRA court appointed counsel to represent Appellant and, on February 9, 2015, the PCRA court dismissed Appellant's PCRA petition without holding a hearing. Appellant did not file a notice of appeal from the PCRA court's order.

On July 6, 2015, Appellant filed the current PCRA petition, which constitutes his second petition for post-conviction collateral relief. Within

- 2 -

this petition, Appellant claims that he is entitled to relief because he was sentenced to two separate mandatory minimum terms of imprisonment under 42 Pa.C.S.A. § 9712 – and Section 9712 is now wholly unconstitutional in light of the United States Supreme Court's opinion in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) and this Court's opinion in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). **See** Appellant's Second PCRA Petition, 7/6/15, at 3. Further, even though Appellant (apparently) understood that his petition was facially untimely, Appellant claims that his petition satisfied the "newly recognized constitutional right" exception to the PCRA's one-year time-bar. **See id.** The PCRA court dismissed the petition on November 12, 2015. This appeal followed.

Appellant presents the following issue for review:

> As the Pennsylvania Superior and Supreme Courts have found Section 9712 to be facially unconstitutional in its entirety, is [] Appellant entitled to relief from his illegal sentence as the statute has been unconstitutional from the date of its passage and ineffective for any purpose?

Appellant's Brief at 5.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claim, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

**Commonwealth v. Lawson**, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. Trial Court Order, 11/12/15, at 1 n.1. We agree. Appellant's sentence became final on September 6, 2011, 91 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at

the expiration of time for seeking the review"); **see also** U.S. Sup. Ct. R. 13.1. The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). As such, Appellant's petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Copenhefer**, 941 A.2d 646, 649-650 (Pa. 2007), *quoting* **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's second PCRA petition, Appellant claims that his sentence is illegal because he was sentenced to a mandatory minimum term of incarceration under 42 Pa.C.S.A. § 9712 and, in **Alleyne**, the United States Supreme Court effectively rendered Section 9712 unconstitutional.

This claim immediately fails, as Appellant did not raise his **Alleyne** claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Rather, the first time Appellant raised his **Alleyne**

claim was in his July 6, 2015 PCRA Petition – which was over two years after the United States Supreme Court decided **Alleyne**.[2]  **See** Appellant's Second PCRA Petition, 7/6/15, at 3.  Thus, Appellant failed to properly plead the newly-recognized constitutional right exception to the PCRA's one-year time-bar.  **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) ("[w]ith regard to [the newly-]recognized constitutional right [exception], . . . the [60-]day period begins to run upon the date of the underlying judicial decision").

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[3] **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed.

_____

[2] The United States Supreme Court decided **Alleyne** on June 17, 2013.

[3] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in **Commonwealth v. Fahy**, our Supreme Court held:  "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**."  **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/19/2016</u>